IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:15-CV-200-BO

| | |
|---|---|
| STEPHEN L. EARL, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RES-CARE, INC. a/k/a RES-CARE ) <br> HOME CARE, INC. and TRACI ) <br> HOLLOMAN, ) <br> Defendants. ) | O R D E R |

This cause comes before the Court on defendant Res-Care, Inc.'s motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has responded and the matter is ripe for ruling. For the reasons discussed below, Res-Care's motion is denied.

## BACKGROUND

Plaintiff filed this action alleging discrimination in employment under Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000(e), *et seq.* Specifically, plaintiff alleges that he was denied employment for a Clinician II position on the basis of his sex. Plaintiff alleges that he is qualified to provide personal care services and was told by defendant Holloman, an executive director of Res-Care, that he would not be considered for the position because he is male and the individual to receive personal care services is female. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission and received a right-to-sue letter on November 19, 2015.

## DISCUSSION

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"; mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Court has considered the allegations in the complaint in light of the applicable legal standard and will allow the complaint to proceed. A plaintiff alleging employment discrimination need not plead facts which constitute a prima facie case, but the allegations in the complaint must still raise a right to relief that is above the speculative level. *Coleman v. Maryland Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510–15, (2002)). Contrary to Res-Care's argument, plaintiff's complaint does not "leave[] open to speculation the cause for the defendant's decision" not to hire him – plaintiff alleges that defendant stated that plaintiff would not be hired *because* he is male. *McCleary-Evans v. Maryland Dept. of Transp., State Hwy. Admin.*, 780 F.3d 582, 588 (4th Cir. 2015).

## CONCLUSION

Though the complaint is not overly detailed, the Court finds that in this instance it satisfies Rule 8's requirement of a short and plain statement giving defendant fair notice of the

2

claims against it. *Twombly*, 550 U.S. at 555 (citing Fed. R. Civ. P. 8(a)). Accordingly, for the foregoing reasons, Res-Care's motion to dismiss [DE 7] is DENIED.

SO ORDERED, this __26__ day of April, 2016.

                                    _/s/ Terrence W. Boyle_
                                    TERRENCE W. BOYLE
                                    UNITED STATES DISTRICT JUDGE

3

Case 4:15-cv-00200-BO   Document 15   Filed 04/27/16   Page 3 of 3