IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:15-CV-200-BO

| | | |
|---|---|---|
| STEPHEN L. EARL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| RES-CARE, INC. a/k/a RES-CARE | ) | |
| HOME CARE, INC. and TRACI | ) | |
| HOLLOMAN, | ) | |
| Defendants. | ) | |

This cause comes before the Court on defendant Traci Holloman's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has failed to respond and the matter is ripe for ruling. For the reasons discussed below, Holloman's motion is granted.

BACKGROUND

Plaintiff filed this action alleging discrimination in employment under Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000(e), *et seq.* Specifically, plaintiff alleges that he was denied employment for a Clinician II position on the basis of his sex. Plaintiff alleges that he is qualified to provide personal care services and was told by defendant Holloman, an executive director of Res-Care, that he would not be considered for the position because he is male and the individual to receive personal care services is female. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission and received a right-to-sue letter on November 19, 2015.

## DISCUSSION

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"; mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff has alleged that Holloman was an employee of Res-Care when she denied plaintiff's application for employment, and has alleged only claims for violation of Title VII in his complaint. Title VII has been read, however, to foreclose liability of individuals. *Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 180 (4th Cir. 1998); *see also Yesudian ex rel. U.S. v. Howard Univ.*, 270 F.3d 969, 972 (D.C. Cir. 2001) (listing cases). Plaintiff has not opposed Holloman's motion, and Holloman is properly dismissed.

## CONCLUSION

Accordingly, Holloman's motion to dismiss [DE 17] is GRANTED and defendant Holloman is dismissed from this action.

SO ORDERED, this _3_ day of August, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

2